UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2374-FMO (GJS) | Date | January 12, 2017 |
|---|---|---|---|
| Title | Tony M. Carrera v. Scott Frauenheim | | |

| Present: | Hon. Gail J. Standish, United States Magistrate Judge | |
|---|---|---|
| E. Carson | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| None present | | None present |

**Proceedings:**   (IN CHAMBERS) Order to Show Cause Re:  Possible Dismissal Due to Failure to Prosecute and Violation of Court Order

On August 20, 2015, the Court granted Petitioner a *Rhines* stay in this action on a *nunc pro tunc* basis [Dkt. 24].  The stay was granted to allow Petitioner to exhaust the two claims he earlier had stated were pending before the trial court at the time he made his stay motion, specifically, claims based on newly discovered evidence that witnesses had evidence of Petitioner's factual innocence and related ineffective assistance of counsel for failing to discover this evidence [*see* Dkt. 10].[1]  A filing by Petitioner on March 19, 2015 demonstrated that he had raised these two claims in a habeas petition filed with the California Court of Appeal.  A review of the dockets for the state appellate court showed that this petition was denied on March 20, 2015.

Following the Court's August 20, 2015 stay order, Petitioner did not communicate with the Court.  On December 1, 2015, the Court issued an Order directing Petitioner to file an initial Status Report within 30 days and additional Status Reports every 75 days

---

[1] In fact, the claims alleged in that trial court petition were:  (1) prosecutorial misconduct based on the theory that the prosecutor had concealed a pretrial statement made by Petitioner himself that was exculpatory; (2) appellate counsel provided ineffective assistance by failing to raise claim (1) on appeal; and (3) ineffective assistance of trial counsel for failing to obtain a statement from Petitioner relevant to claim (1) and from witnesses who would support his statement.  [*See* Document 7 lodged by Respondent on February 4, 2015.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2374-FMO (GJS) | Date | January 12, 2017 |
|---|---|---|---|
| Title | Tony M. Carrera v. Scott Frauenheim | | |

thereafter [Dkt. 24, the "December 1 Order"]. In addition, the Court ordered that, within 45 days after the California Supreme Court ruled on Petitioner's claims, Petitioner was required to file a motion to lift the stay. The Court expressly cautioned Petitioner that a failure to comply with the December 1 Order could result in a recommendation that the case be dismissed for failure to prosecute or the stay be vacated *nunc pro tunc*.

Petitioner filed five Status Reports, commencing on December 24, 2015, with the last filed on September 9, 2016. In each, Petitioner alleged that he had filed a habeas petition in the California Supreme Court on April 20, 2015, which remained pending. [*See* Dkts. 26-30.] In two of his interim Status Reports, Petitioner alleged, confusingly, that as of May 2, 2016, there was "one claim remaining" that related to a felony-murder special circumstance and the Eighth Amendment – a claim that falls outside the scope of the *Rhines* stay that issued in this case.

Over four months have passed and Petitioner has not been in contact with the Court. The Court has reviewed the dockets for the California Supreme Court, which reveal the following. On May 10, 2016, Petitioner filed a habeas petition in Case No. S234428, which was denied on June 29, 2016. The Court assumes this petition raised and exhausted the two claims that are the subject of the *Rhines* stay ordered in this case. In violation of the December 1 Order, however, Petitioner did not file a motion, within 45 days of that June 29, 2016 denial, to lift the stay. Instead, on July 25, 2016, Petitioner filed a second habeas petition in the California Supreme Court in Case No. S236125, which was denied on November 9, 2016, on the state procedural grounds of untimeliness and successiveness.

Petitioner is in violation of the December 1 Order in numerous respects. He failed to seek to lift the stay once the California Supreme Court denied habeas relief in Case No. S234428 on June 29, 2016. His Status Reports failed to disclose accurately his Supreme Court habeas filings. He has not taken any action in this case since September 9, 2016. Thus, it is unclear whether Petitioner intends to pursue this case further.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-2374-FMO (GJS) | Date | January 12, 2017 |
|---|---|---|---|
| Title | Tony M. Carrera v. Scott Frauenheim | | |

    Accordingly, Petitioner is ORDERED TO SHOW CAUSE why: (1) this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or noncompliance with the Court's December 1 Order; or (2) the *Rhines* stay that issued on August 20, 2015 should not be vacated *nunc pro tunc* and this case proceed solely on the claims alleged in the Petition. **By no later than February 11, 2017**, Petitioner shall file and serve a Response to this Order To Show Cause advising whether he wishes to pursue this case and explaining his noncompliance with the December 1 Order. Once the Court receives such Response or the deadline for it passes, the Court will issue a further appropriate Order.

    Petitioner is cautioned that the failure to comply with this Order To Show Cause on a timely basis will support a dismissal under Rule 41(b) and may result in the dismissal of this action.

    **IT IS SO ORDERED.**

Initials of preparer __efc__